UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MICHOEL KHAYTIN,                                                   Docket No. 12-CV-4169
               Plaintiff,
    -against-
                                           **NOTICE OF MOTION**

    -against-
STERN & STERN ESQS.
               Defendant.
-------------------------------------------------------X

      **PLEASE TAKE NOTICE** that upon the annexed Declaration of David Lyle Stern dated August 28, 2012, and Declaration of David Sputz, dated August 28, 2012, together with the exhibits annexed thereto and upon all prior pleadings and proceedings had herein, STERN & STERN ESQS. will move this court to dismiss the within Complaint under Rule 12(b) (6) of the Federal Rules of Civil Procedures for failure to state a cause of action and for lack of subject matter jurisdiction, the United States District Court for the Eastern District, located at 225 Cadman Plaza East, Brooklyn, New York, 11201 at a date and time convenient to the Court for an Order

          a)     granting Defendant's Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted under FRCP 12(b) (6) against the moving Defendants and for lack of subject matter jurisdiction:

          b)     awarding Defendant such other and further relief as this court may deem just proper and equitable.

Dated: Brooklyn, New York
      August 28, 2012

                                  Yours etc.

                                  STERN & STERN, ESQS.
                                  Defendant, Pro Se
                                  50 Court Street, Suite 1100
                                  Brooklyn, New York 11201
                                  (718) 935-9458

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MICHOEL KHAYTIN,                                    Docket No. 12-CV-4169
                Plaintiff,
   -against-
                                       **DECLARATION**
   -against-
STERN & STERN ESQS.
                Defendant.
-------------------------------------------------------X

      David Lyle Stern, an attorney duly admitted to practice law before the Federal Court of the Eastern District of New York affirms the following under penalties of perjury:

      1.  I am a member of STERN & STERN, ESQS. the Defendants herein. I am fully familiar with the facts contained herein by virtue of my review of the file materials that this office maintains to defend this case.

      2.  This declaration is submitted in support of Defendant's Motion to Dismiss the within Complaint under Rule 12(b) (6) of the Federal Rules of Civil Procedures for failure to state a cause of action.

      3.  The within case surrounds a rent demand that Henia Hirsh caused to be served upon the Plaintiff. A copy of such notice is annexed hereto as **Exhibit "A"**. Plaintiff is a tenant of Ms. Hirsh in an apartment which is located in a two family house.

      4.  Ms. Hirsh subsequently instituted summary eviction proceedings in Kings County Housing Court, as is permissible under New York State Real Property Actions and Proceeding Law §711(2). Copies of the Petition and Notice of Petition Nonpayment are annexed hereto as **Exhibit "B"** under the caption,

<u>Henia Hirsh v. Michael Ehaikin</u>, 81783/12. Respondent apparently obtained this firm's name from these court documents.

   5. The rent demand at issue is directly from Ms. Hirsh to the Plaintiff. The Rent Demand does not contain any reference to STERN & STERN ESQS, in any fashion and of whatever nature, including any reference to any type of file number or case identifier. The rent demand was signed in the name of Ms. Hirsh alone and does not contain any reference to either our law office or any third party debt collector.

   6. The language in this Demand is almost identical to that in Blumberg Form B119. A copy of the form notice is annexed hereto as **Exhibit "C"**. Such a form can be purchased from a legal stationary store. Notably, the New York State Uniform Court System has a "Small Property Owner Nonpayment Petition Program" on their website which provides step by step online assistance to a landlord to complete a similar "rent demand" form which is then intended to be served upon the tenant. Upon information and belief, the pro se attorney's office in each of the Housing Courts in New York State also assists owners in preparing rent demands.

   7. Service of the instant notice was affected by an independent process serving company, Zellner Wood. Plaintiffs do not allege that any mailings with respect to such Notice indicated in any manner that they were from an attorney's office.

   8. Our office's role in the summary proceeding was simply to assist in the preparation of the legal papers and to represent our client's interests in

court. We do not involve ourselves in any debt collection aspects of the litigation. We do not sign rent demands or communicate with litigants with respect to their debts outside of court. Any such communications are had directly with the various clients.

9. As is detailed more fully in the Declaration of David Sputz, Plaintiff is fully aware that Mr. Sputz works for Ms. Hirsch and not for this office. As set forth in the Sputz Declaration, there was a series of e-mails which were exchanged between Plaintiff and Mr. Sputz over the course of this past year. In the e-mails, Plaintiff requested repairs and access to the building electric meter, issued directives with respect to garbage disposal, referred to Ms. Hirsh as his landlord and attempted to resolve his rent arrears with Mr. Sputz. Top this end, Plaintiff stated his preference for obtaining a "one shot deal" from the New York State Department of Social Services rather than paying out of pocket. These e-mails also demonstrate that Plaintiff discussed his debt in detail directly with his creditor and received clarification of the amount directly from the creditor. Copies of the e-mails between Plaintiff and Mr. Sputz are annexed hereto as **Exhibit "D"**. No such communications or e-mails of whatever nature were had between Plaintiff and Defendant.

10. Despite the above, Plaintiff alleges, on behalf of himself and some unknown "class" that Defendant has violated the Fair Debt Collection Practices Act, 15 USC §1692 et sec based upon an alleged practice of sending debt collection letters out on the firm's "letterhead". Annexed hereto as **Exhibit "E"** is Defendant's Complaint. Your declarant has been a partner of Defendant

Case 1:12-cv-04169-SLT-MDG   Document 4   Filed 09/10/12   Page 6 of 10 PageID #: 20

for over twenty (20) years and does not recall a single rent demand that was ever sent out on our letterhead. Certainly the Rent Demand which forms the predicate for this case was not on this firm's letterhead.

11. For the reasons set forth in the accompanying Memorandum of Law, the Complaint should be dismissed for failure to state a claim for the relief requested therein under FRCP 12(b)(6) and failure to state a cause of action.

WHEREFORE, Defendants respectfully request that an Order be issued dismissing the Complaint in its entirety and awarding Defendants such other and further relief as this Court may deem just, proper and equitable.

Dated: Brooklyn, New York
      August 27, 2012

DAVID LYLE STERN (DLS6420)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MICHOEL KHAYTIN,                                    Docket No. 12-CV-4169
                        Plaintiff,
        -against-
                                                    **DECLARATION**
        -against-
STERN & STERN ESQS.
                        Defendant.
-------------------------------------------------------X

David Sputz affirms the following under penalties of perjury:

1. I affirm rather than swear due to my religious beliefs.

2. I am fully familiar with the facts contained herein by virtue of my review of the file materials that I maintain with respect to this case.

3. This affirmation is submitted in support of Defendant's Motion to Dismiss the within Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedures for failure to state a cause of action.

4. I manage the premises 439 Sterling Street, Brooklyn, New York on behalf of Henia Hirsh, the landlord thereof. 439 Sterling Street is a 2 family house. Plaintiff is a tenant in Apartment 1A, of the property.

5. I am employed by Henia Hirsh as a property manager. I have no employment or agency relationship with Defendant, Stern & Stern Esqs of whatever nature. One of my responsibilities as Ms. Hirsh's manager is to address rent issues and communicate with the tenants with respect to their rent.

5. Plaintiff is fully aware that I manage the building for Ms. Hirsch. In fact, he always deals with me with respect to his tenancy. Annexed hereto as

**Exhibit "D"** are a series of e-mails that were exchanged between the Plaintiff and myself over the course of this past year. Plaintiff and myself have also had numerous conversations both in person and over the telephone. As is readily ascertainable from the e-mails, Plaintiff regularly communicates with me about all aspects of his tenancy.

6.  Plaintiff and I had been in constant communication with respect to his rent in the months leading up to the issuance of the Rent Demand. Plaintiff has long been behind in his rent due to his financial difficulties. Recently, a portion of our dispute surrounded automatic payments which Plaintiff claimed that his bank had made but which funds had never been transferred to Ms. Hirsh's account. I repeatedly asked Plaintiff to ask his bank to trace the checks but he delayed doing so until we were already in court. That issue has still not been resolved.

7.  When Plaintiff's arrears began to increase to an unacceptable amount, Ms. Hirsh decided that it was time to take more formal action. Before instituting summary legal proceedings, Ms. Hirsch caused a written Rent Demand to be served upon Plaintiff, a copy of which is annexed hereto as **Exhibit "A"**. I signed the Demand on behalf of Ms. Hirsh as her manager. Mine is he only signature that appears on the Notice and the only names that appear on the Notice are my own and Ms. Hersh's. Any mailings with respect to the Notice would have been in a plain envelope containing only Plaintiff's address. Service of the notice was by an independent process serving company, Zellner Wood.

8. When Ms. Hirsh sends out such notices, the hope is that any issues with the rent can be resolved without resorting to legal process. We would not even *want* any other name on the notice than that of the landlord as we communicate directly with our tenants. In this fashion, we can review tenants' accounts with them and make arrangements to pay any monies that are due and owing. Obviously, if there is still a problem, once the five days in the notice are up, Ms. Hirsh then asks her attorneys to serve the petition and notice of petition to commence the summary proceeding.

9. Plaintiff's e-mails indicate that he knew full well that the Rent Demand was from his landlord and did not involve a third party collector or a lawyer. In at least two e-mails, he refers to the "notice you sent". In my replies to these e-mails, I acknowledged that the landlord sent the Notice and attempted to clarify for Plaintiff where the monies were coming from. Plaintiff also indicates that he has been making partial additional payments to "catch up," that he believes himself better than "90%" of other tenants in his compliance with his rental obligations and that he prefers to obtain a "one shot deal" from the Department of Social Services rather than paying out of pocket. As the Court can see, I sent Plaintiff rent breakdowns, detailed monies still due and owing and specifically pinpointed where there were discrepancies between his records and our own. It is disingenuous for Plaintiff to now claim not to know my identity and that that an attorney rather than I on behalf of my employer, his landlord, signed the Rent Demand.

10. Ms. Hirsh and I, in my employment capacity, have always been completely candid with Plaintiff with respect to his rent arrears and have no reason to conceal our true identities or roles in this matter. He knows us and we know him and our ongoing dialogue about his rent belies his contrived confusion.

WHEREFORE, I respectfully request that an Order be issued dismissing the Complaint in its entirety and awarding Defendant such other and further relief as this Court may deem just, proper and equitable.

_____
DAVID SPUTZ

Sworn to before me
August 28, 2012

_____
Notary Public

YITZCHAK ORIMLAND
Notary Public - State of New York
No. 01OR6218493
Qualified in Kings County
My Commission Expires March 8, 2014