CV12-4169

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MICHOEL KHAYTIN on behalf of himself and
all other similarly situated consumers

                    Plaintiff,

-against-

STERN & STERN, ESQS

                    Defendant.

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 20 2012 ★

BROOKLYN OFFICE

NO SUMMONS ISSUED

TOWNES, J.

GO, M.J.

---

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Michoel Khaytin seeks redress for the illegal practices of Stern & Stern, ESQs concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Brooklyn, New York.

-1-

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Michoel Khaytin*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. The debt was allegedly incurred by the Plaintiff Michoel Khaytin to Henia Hirsh.

11. The nature of the alleged debt, to wit, past due rent, was primarily for the personal, family and/or household purposes of the Plaintiff.

12. Upon information and belief, on behalf of Henia Hirsh, Defendant prepared, authorized, sent, caused to be sent and/or communicated a letter demanding, directly or indirectly, the payment of alleged past due rent, dated June 19, 2012.

13. The June 19, 2012 letter demanded the payment of two thousand and fifteen dollars ($2,015.00), which was allegedly past due and owing to Henia Hirsh.

14. The June 19, 2012 letter threatens: "TAKE NOTICE: that you are justly indebted to the landlord of the above described premises as set forth above, which you are

-2-

required to pay not less than five (5) days from the service of this Notice, or surrender up the possession of said premises to the landlord, in default of which the Landlord will commence summery proceedings under the statute to recover the possession thereof."

15. While the signature line on the June 19, 2012 letter was signed and the demand letter contains the printed name of "HENIA HIRSH Landlord" at the end of the main body of the letter, the June 19, 2012 communication was, upon information and belief, drafted, communicated, authorized, composed, and/or sent, directly or indirectly, by the Defendant.

16. Upon information and belief, the Defendant's conduct in printing, or causing to be printed, the name of "HENIA HIRSH Landlord" at the end of the main body of the June 19, 2012 demand letter was intended to lead the Plaintiff to believe that the document was communicated by Henia Hirsh Landlord, rather than by the Defendant.

17. Upon information and belief, the activities conducted by the Defendant described in the above paragraphs were calculated and conducted as part and parcel of Defendant's intentional violation of the mandatory disclosure requirements of the FDCPA and/or as part of a scheme to avoid compliance with the federal law and/or to deprive the Plaintiff of his FDCPA rights, and notification of said rights.

18. Upon information and belief, the June 19, 2012 letter was the initial communication from the Defendant to the Plaintiff, concerning the aforementioned alleged past due debt which it demanded.

19. The June 19, 2012 letter is completely devoid of the litany of warnings and notices required by 15 U.S.C. § 1692g and § 1692e(11).  *See:* <u>Dowling v. Kucker Kraus & Bruh, L.L.P., 2005 WL 1337442 (S.D.N.Y. June 6, 2005)</u> (Debt collectors could not evade the notice requirements of the FDCPA merely by having a creditor sign a demand for rent that the collector prepared and mailed.)

20. The June 19, 2012 letter fails to, inter alia, adequately advise the Plaintiff of his rights because the thirty (30) day validation notice required by 15 U.S.C. § 1692(g) was not placed anywhere in the demand for payment of the alleged debt.

21. The language in the aforementioned letter violates 15 U.S.C. § 1692(g) because it contradicts the requirement that the Plaintiff be advised of and given a thirty (30) day period in which to dispute the bill.

22. Upon information and belief, the Defendant sent, or caused to be sent, several additional copies of the aforementioned letter to the Plaintiff.

23. The aforementioned letter fails to disclose clearly that the Defendant was attempting to collect a debt, and that any information obtained would be used for that purpose, as required by 15 U.S.C. § 1692(e)(11).

24. The Defendant otherwise failed to give Plaintiff notice of his rights as mandated by 15 U.S.C. § 1692g and § 1692e(11) within five (5) days of Defendant's initial communication to the Plaintiff.

25. Upon information and belief, the aforementioned June 19, 2012 letter attempts to collect amounts that the Defendant knew, or should have known, were not owed by the Plaintiff to Henia Hirsh.

-4-

26. Upon information and belief, the aforementioned letter is deceptive and/or inherently contradictory, in violation of 15 U.S.C. § 1692(e)(10).

27. Upon information and belief, the aforementioned letter falsely represents the character, amount and/or legal status of the alleged debt, in violation of 15 U.S.C. § 1692(e)(2)(A).

28. The Defendant failed to otherwise advise the Plaintiff of his rights pursuant to 15 U.S.C. § 1692g within five (5) days of said initial communication.

29. Had the Plaintiff been given notice of his rights pursuant to 15 U.S.C. § 1692g, he would have promptly made such dispute, requested verification, settled and/or made payment of said amount demanded.

30. The Defendant, in attempting to collect from the Plaintiff the aforementioned alleged past due debt, employing, inter alia, the acts and/or omissions described above, violated:

    (a) 15 U.S.C. § 1692e generally, and specifically, 15 U.S.C. §1692e(2)(A); 15 U.S.C. §1692e(9); 15 U.S.C. §1692e(10); 15 U.S.C. §1692e(11) and/or 15 U.S.C. §1692e(14) by Defendant's June 19, 2012 initial communication, as described above; and

    (b) 15 U.S.C. §1692f generally, and specifically 15 U.S.C. §1692g(a), by failing to advise the Plaintiff of any of his rights as required by 15 U.S.C. § 1692g in Defendant's initial communication or within five (5) days of said initial communication to the Plaintiff in connection with the collection of the aforementioned alleged debt.

31. The Plaintiff, Michoel Khaytin has suffered actual and statutory damages in an amount to be determined at trial.

32. Upon information and belief, other persons hold the same or similar claims against the Defendant for the Defendant's failure to notify them of their rights as mandated by 15 U.S.C. § 1692g, within five (5) days after the initial communications substantially similar to those received by the Plaintiff from the Defendant in the collection or attempted collection of rent, and/or other consumer debts within the State of New York.

33. Upon information and belief, the Defendant violated 15 U.S.C. § 1692e by sending the Plaintiff the collection notice, using a process server who engaged in sewer service.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

34. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs one (1) through thirty three (33) as if set forth fully in this cause of action.

35. This cause of action is brought on behalf of Plaintiff and the members of a class.

36. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent collection letters by Stern & Stern, ESQs: (a) bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff on or about June 19, 2012; (b) the collection letter was sent to a consumer seeking payment of a personal debt; (c) the collection letter was not

returned by the postal service as undelivered, and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692g(a), 1692e(2)(A), 1692e(9), 1692e(10), 1692e(11), 1692e(14), 1692f, and 1692g(b) for Defendant's intentional violation of the mandatory disclosure requirements of the FDCPA, and for using a process server who engages in sewer service.

37. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (C) The only individual issue is the identification of the consumers who received the collection letters, (i.e. the class members). This is a matter capable of ministerial determination from the records of Defendant.

   (D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   (E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and

-7-

collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

38. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

39. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

40. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

41. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

42. The Defendants violation of the Fair Debt Collection Practices Act entitles the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
August 15, 2012

Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1600 Avenue M, 2nd Floor
Brooklyn, New York 11230
Office: (718) 395-3459
Facsimile: (718) 408-9570
Mobile: (718) 772-3954
E-mail: mmaximov@mmaximov.com

Plaintiff{s} request{s} trial by jury on all issues so triable.

Maxim Maximov, Esq.