# MAXIM MAXIMOV, LLP
## ATTORNEYS AT LAW

1600 AVE M • SECOND FLOOR
BROOKLYN • NEW YORK • 11230

EMAIL MMAXIMOV@MMAXIMOV.COM
TELEPHONE (718) 395-3459
FAX (718) 408-9570

September 14, 2012

**VIA ECF**
The Honorable Judge Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:    Khaytin v. Stern & Stern, Esqs.
                  1:12-cv-04169-SLT-MDG

Dear Judge Townes:

      I represent the plaintiff in the above referenced matter. The defendant improperly filed a motion to dismiss on September 10, 2012 and the court construed the motion as a pre-motion conference request. Before the court now is defendant's motion to dismiss filed in its entirety. In the interest of a useful expenditure of the parties' time, we ask the court to deny the request for a pre motion conference and deny the motion to dismiss.

      In this case, even if the plaintiff does not respond to the defendant's motion to dismiss, the court would deny the motion since the defendant did not deny the allegation that the rent demand communication was, drafted, communicated, authorized, composed, and/or sent, directly or indirectly, by the defendant. *See:* Dowling v. *Kucker Kraus & Bruh, L.L.P.* [1], 2005 WL 1337442 (S.D.N.Y. June 6, 2005) (**The court held that a landlord law firm could not evade the rent demand notice requirements of the FDCPA merely by having a creditor sign a demand for rent that the collector prepared and mailed.**)

      It is settled law[2] in fact every case[3] considering this issue has ruled that a Defendant cannot escape

---

1  Dowling v. Kucker Kraus & Bruh, L.L.P., 2005 WL 1337442 (S.D.N.Y. June 6, 2005) (The court also stated "The Second Circuit made it clear in Romea that liability under the FDCPA is focused on those who actually prepare the document. See Romea, 163 F.3d at 117 (finding that defendant law firm was not exempt from liability under the FDCPA because, although Congress intended to exempt process servers from liability, it did not intend to exempt "those who prepared the communication that was served on the consumer," and noting that "[t]o read Congress, instead, as having carved out a wholesale exemption for anyone who prepares a communication — no matter how violative of the safeguards that the FDCPA affords debtors" would "stretch the statutory language" and "significantly impede the statute from remedying the `mischief' to which it was addressed"). As in Romea, the Court held here that Defendants were not exempt from the requirements of the FDCPA when they prepared the letter at issue because their "involvement extended beyond mere service of notice" on the tenant Plaintiff. See id. at 117-18.)

2  Romea v. Heiberger & Associates, 163 F.3d 111 (2d Cir. 1998) (Preparer liable under the FDCPA); Dowling v. Kucker Kraus & Bruh, L.L.P., 2005 WL 1337442 (S.D.N.Y. June 6, 2005) ("The Court held that debt collectors cannot evade the

liability under the Fair Debt Collection Practices Act for making an initial communication to a consumer-tenant merely because they did not sign the "FIVE DAY DEMAND." The Defendants do not deny the allegation in the complaint that, consistent with their practice, they prepared, drafted and sent the rent demand letter, and after obtaining their client's signature, caused the demand letter to be served upon the Plaintiffs via a process server. Thus, the Defendants "issued" or "communicated" the rent demand, notwithstanding the absence of their signature on the June 19, 2012 letter.

Defendants' claim that the landlord "issued" the letter is unavailing, as the landlord had little, if anything to do with the communication that defendants drafted and dispatched to the Plaintiffs. Even if the defendants would have denied preparing the communication at hand, the motion to dismiss should still be denied since Plaintiffs allegation that the defendant communicated, authorized, composed, and/or sent, directly or indirectly, would at the very least create a triable issue of fact. *See:* Palkovic v. Johnson, 281 Fed. Appx. 63, 2008 U.S. App. LEXIS 12600 (2d Cir. 2008) (The court stated "When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff and decide whether the plaintiffs has pled a plausible claim for relief. The appropriate inquiry is not whether a plaintiff is likely to prevail, but whether the plaintiff is entitled to offer evidence to support her claims. When deciding a motion to dismiss, a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition, the court must give plaintiff's claims "a liberal construction."); Johnson v. New York City Transit Auth., 639 F. Supp. 887, 891 (E.D.N.Y. 1986) (citing Haines v. Kerner. 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)). aff'd in part and vacated in part on other grounds, 823 F.2d 31 (2d Cir. 1987).

It bears emphasis that, contrary to the Defendants' position, the creditor's signature upon an initial debt collection communication from the debt collector cannot and will not absolve the debt collector from liability for communicating the demand. The language regulating debt collector communications under the FDCPA is broad and all-encompassing. This is demonstrated by, *inter alia,* 15 U.S.C. §1692a(2), which clearly states:

> The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium [emphasis added]. 15 U.S.C. §1692a(2).

Moreover, 15 U.S.C. §1692g(a), entitled "Notice of debts; contents" requires:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice stating . . .." 15 U.S.C. §1692g(a).

The FDCPA may not be defeated by a debt collector who sends an initial communication which is signed by the creditor, as the statute does not speak to the signatory. To the contrary, the sweeping definition of "communication" as "conveying information regarding a debt directly or indirectly [emphasis added]" within 15 U.S.C. §1692a(2), requires that debt collectors cannot escape the provisions of the FDCPA merely because they made a communication signed by the client, manifestly an "indirect"

---

requirements of the FDCPA merely by having a creditor sign a violative communication. Because Defendants prepared and sent the rent-demand letter to Plaintiffs, they were required to comply with FDCPA provisions concerning initial communications. *See, e.g.,* 15 U.S.C. § 1692e(11)...id. § 1692g(a)."; Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C., 2000 WL 1448635, No. 99 CIV 3227 (Koeltl, J.) (S.D.N.Y. Sept. 28, 2000) (same) Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bellolotti, 39 F.Supp.2d 394 (S.D.N.Y. 1999)(same)

3 Regretfully, I must inform the court that opposing council deceptively tried to mislead the court by citing Arrey v.Beaux Arts II, LLC, Said case rejected an attempt to remove a landlord-tenant dispute into federal court. It did not as opposing counsel suggests, reject a FDCPA claim.

communication.  Defendants developed this scheme of communication with tenant-consumers to avoid compliance with the FDCPA, and most notably, with the provisions of 15 U.S.C. §1692g(a) and 15 U.S.C. §1692e(11) in the Defendants' initial rent demand letters to tenants within New York City.  However, the FDCPA will not tolerate the scheme deployed by the Defendants, as the FDCPA broadly regulates debt collection "communications," whether <u>direct or indirect.</u>

In <u>Romea v. Heiberger & Associates</u>, 163 F.3d 111 (2d Cir. 1998), the United States Court of Appeals for the Second Circuit held that rent was a "debt," as defined by 15 U.S.C. §1692a(5), and that a rent demand letter was a  "communication" as defined by 15 U.S.C. §1692a(2), which was subject to the warnings and notices required by 15 U.S.C. §1692g and 15 U.S.C. §1692e(ll), if the notice was "prepared" or "sent" by a debt collector.  The *Romea* Court, expressly rejecting the attorney defendant's argument that it was entitled to a process server exemption of § 1692a(6)(D) [an argument which the instant Defendants also make], stated:

> In any event, we agree with Romea that Congress intended to apply the exemption only to "process servers," **and  not to those who prepared  the communication that was served on the consumer**... [t]o read Congress, instead, as having carved out a wholesale exemption f**or anyone who prepares a communication --** no matter how violative of the safeguards that the FDCPA affords debtors - just  because the  communication is  eventually  served  on  the consumer as a prerequisite to beginning a court proceeding, would not only stretch the statutory language; it would also significantly impede the statute from remedying the "mischief' to which it was addressed [emphasis added].  *!d.,* at 117.

The *Romea* Court made clear that the <u>preparation</u>, not the signature, of a rent demand letter rendered the debt collector liable for failure to give the tenant-consumer notice of their rights as required by 15 U.S.C. § 1692g(a) and 15 U.S.C. § 1692e(ll).

Every court considering the issue expressly rejected defendants' position.  In <u>Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Be11olotti,</u> 39 F.Supp.2d 394 (S.D.N.Y. 1999), the Court refused to dismiss the Plaintiffs FDCPA action on a violative rent demand, even though the notice was signed by a managing agent for the landlord.  The Court reasoned:

> **But there is no focus in Romea on the signatory of the notice.  In discussing whether a three-day notice is a "communication" regarding the debt, the Second Circuit speaks only of the "sending"  of the letter notice by the defendant lawyer. Romea,163 F.3d at 116.  Hutton does not, and cannot argue that it did not send the Notice [emphasis added].** *!d.,* **at 395-96.**

Similarly, in <u>Sibersky v.  Borah, Goldstein, Altschuler & Schwartz, P.C.</u>, 2000 WL 1448635, No. 99 CIV 3227 (Koeltl, J.) (S.D.N.Y. Sept. 28, 2000),  the Court also refused to dismiss an FDCPA action based upon a rent demand letter, despite the fact that the attorney debt collector did not sign same.  The Court stated:

> While the notices indicated that payment was due to Felds Realty, the notices were unsigned. *Id.* **The plaintiffs allege  that  the notices were not issued by Felds but by the defendants from the defendants' offices, printed  on papers  belonging  to the defendants, and marked  with client identification numbers used internally  by the defendants** . . . [emphasis added]. *Id.,*  at *2.

The Court rejected the defendants' attempts to avoid FDCPA compliance, holding:

The  plaintiffs  make  specific  factual  allegations  in  their  amended  complaint  **that  the**

**defendants regularly prepared and sent three-day notices on behalf of Felds Realty, that the notices were printed on the defendants' paper, and that the notices bore abbreviations used internally by the defendants** [emphasis added]. The plaintiffs have therefore alleged facts which could, if proven true, show that the defendants were "debt collectors" as defined by the FDCPA. *Id.,* at *6. *See also:* Garmus v. Borah, Goldstein, Altschuler & Schwartz, P.C., 1999 WL 46682, at *3, No. 98 CIV. 856 (CSH)(l999) (noting *Romea, supra,* "squarely held that lawyers sending § 711 notices are indeed debt collectors for the purposes of the FDCPA.")

This case is strikingly similar if not identical to *Goldstein, supra* and *Sibersky, supra,* where the attorney debt collectors **prepared and sent** rent demand notices, albeit with their client's signature, or no signature.

Defendants argument that they merely "advised" their clients "on the proper method of drafting legal and quasi-legal documents," is specious, at best. Defendants took debt information from their client, opened a file and assigned a file number, prepared, drafted and printed the rent demand letter. Subsequently, after obtaining their client's signature, the Defendants caused the demand letter to be sent to the Plaintiffs, received back the Affidavit of Service, and Defendants continued their collection efforts by filing a nonpayment summary proceeding against the Plaintiffs – yet again sent the five day rent demand a second time together with the nonpayment summary proceeding.

Where the Defendant debt collector involves itself in the "direct or indirect" communication with the Plaintiffs and collection of the debt, it is hardly "bizarre or idiosyncratic" that Defendants be expected to comply with federal law[4] and provide the warnings and notices required by 15 U.S.C. § 1692g and 15 U.S.C. § 1692e(11) in their initial communication.

Very Truly Yours,

/s/

Maxim Maximov, Esq.

---

[4] Defendants' citation to Macguire v. Citicorp Retail Services, Inc., 147 F.3d 232 (2d Cir. 1998) is misleading, as *Macguire* involved a claim against a creditor for using a name other than its own when collecting its debt. *Id.* at 236. The *Macguire* Court, reversing summary judgment for the Defendant creditor, found that the creditor's use of a name other than its own may have misled the least sophisticated consumer to believe that a third party was collecting a debt, when it was not. *Id.* In such a case, the creditor becomes liable as a debt collector under § 1692a(6). Thus, the least sophisticated consumer's false belief that a third party debt collector was attempting to collect a debt was dispositive, as Citibank would otherwise have been exempt from the law as a creditor. The Second Circuit's statement that the "FDCPA does not depend on whether a third party is in fact involved in the collection of a debt, but rather whether the least sophisticated consumer would have the false impression that a third party was collecting the debt," is only relevant when asserting liability against a creditor for misleading the consumer. Defendants' attempt to use this quotation out of context, and in the converse, is misleading, at best. Once a debt collector is "in fact involved in a debt," that debt collector is subject to regulation under the FDCPA, regardless of what the consumer thinks. In fact, a debt collector's attempt to use the creditor's name, so that the least sophisticated consumer would think that only the creditor is involved as Defendants accomplished via the THREE DAY NOTICE) is a per se violation of §1692e(l4). *See:* 15 U.S.C. §1692e(14). Defendants' tortured interpretation of *Macguire* would render § 1692e(14) meaningless, as the least sophisticated consumer would never know that a debt collector was using the creditor's name. To suggest that debt collectors should escape liability under such a scheme is simply absurd, and flies in the face of the statute.