UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHOEL KHAYTIN, on behalf of himself
and all other similarly situated consumers,

                    Plaintiff,                **MEMORANDUM AND ORDER**

      -against-                     12-CV-4169 (SLT) (MDG)

STERN & STERN, ESQS.,

                    Defendant.
------------------------------------------------------------x
**TOWNES**, **United States District Judge:**

Plaintiff Michoel Khaytin ("Plaintiff") brings this action under the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 - 1692p, alleging that a law firm, defendant Stern

& Stern, Esqs. ("Defendant"), prepared a rent-demand letter and caused it to be sent to Plaintiff,

by and through Plaintiff's landlord, that failed to include certain warnings and notices required

by the FDCPA. In September 2012, Defendant filed a motion to dismiss Plaintiff's complaint

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim

upon which relief can be granted. Because Defendant had not sought permission to file that

motion as required by Section III.A of this Court's Individual Motion Practices and Rules, see

https://www.nyed.uscourts.gov/pub/ rules/SLT-MLR.pdf, this Court construed Defendant's

motion to be a pre-motion conference request and directed Plaintiff to respond. Plaintiff having

now responded, this Court finds, for the reasons set forth below, that Defendant's proposed

motion is in the nature of a motion for summary judgment and, therefore, would be premature if

filed at this juncture. Accordingly, Defendant's application for permission to file the proposed

motion to dismiss is denied.

## *BACKGROUND*

This action arises from a letter dated June 19, 2012 (the "Letter"), which demanded the

payment of $2,015 in delinquent rent payments which Plaintiff allegedly owed his landlady,

Henia Hirsh. Complaint, ¶¶ 12-13. That Letter states, in pertinent part:

> TAKE NOTICE: That you are justly indebted to the landlord of the
> above described premises as set forth above, which you are
> required to pay not less than five (5) days from the service of this
> Notice, or surrender up the possession of said premises to the
> landlord, in default of which the Landlord will commence
> summary proceedings under the statute to recover the possession
> thereof.

Id., ¶ 14 (emphasis in original). According to the complaint, the Letter "contains the printed

name of 'HENIA HIRSH Landlord' at the end of the main body of the letter." Id., ¶ 15. The

complaint also alleges that the letter was "signed," id., but does not specify by whom or attach a

copy of the letter.

On August 20, 2012, Plaintiff commenced this action, alleging that the Letter violated

certain FDCPA requirements relating to an "initial communication" by a "debt collector." See

id., ¶¶ 19-30 (citing 15 U.S.C. § 1692g). Although the Letter purports to have been signed by or

on behalf of the creditor-landlord, Plaintiff's complaint alleges, upon information and belief, that

the Letter was "drafted, communicated, authorized, composed, and/or sent, directly or indirectly,

by the Defendant." Id., ¶ 15. The pleading further alleges:

> Upon information and belief, the Defendant's conduct in printing,
> or causing to be printed, the name of "HENIA HIRSH Landlord"
> at the end of the main body of the . . . letter was intended to lead
> the Plaintiff to believe that the document was communicated by
> Henia Hirsh Landlord, rather than by the Defendant.

Id., ¶ 16. The complaint also asserts – again, upon information and belief – that the letter was "the initial communication from the Defendant to the Plaintiff, concerning the . . . alleged past due debt . . . ." Id., ¶ 18.

Plaintiff's complaint expressly relies on Dowling v. Kucker Kraus & Bruh, LLP, No. 99CIV11958RCC, 2005 WL 1337442 (S.D.N.Y. June 6, 2005), which is cited in the complaint for the proposition that debt collectors cannot evade the FDCPA requirements by merely having a creditor sign a rent demand prepared and mailed by a debt collector. Id., ¶ 19. According to the complaint, Defendant's alleged conduct was "calculated and conducted as part and parcel of Defendant's intentional violation of the mandatory disclosure requirements of the FDCPA and/or as part of a scheme to avoid compliance with the federal law and/or to deprive the Plaintiff of his FDCPA rights, and notification of said rights." Id., ¶ 17. Plaintiff's complaint demands damages under 15 U.S.C. § 1692k, as well as attorney's fees and costs.

### Defendant's Motion to Dismiss

On September 10, 2012, Defendant filed a motion to dismiss, consisting of a notice of motion, a 21-page memorandum of law ("Defendant's Memo"), two declarations – including a declaration from David Lyle Stern, a member of Stern & Stern, the Defendant herein – and five exhibits. These papers expressly allege that Defendant is moving pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, but Defendant's Memo does not discuss – much less assume the truth of – the allegations in Plaintiff's complaint. Rather, the version of events contained in the Memo's "Statement of Facts" appears to be drawn largely from the two declarations and the exhibits thereto. For example, Defendant's Statement of Facts alleges that the Letter "contained absolutely no information that it was from anyone other than Henia Hirsh" and that "Defendant first identified itself as Ms. Hirsch's [*sic*] attorney" only "[a]fter the [rent

3

demand] went unsatisfied [and] . . . Ms. Hirsh instituted summary Housing Court Proceedings

against the Plaintiff." Defendant's Memo at 2 (bracketed material added).[1]  Defendant's Memo

further alleges:

> Defendant's only role in the nonpayment proceeding was simply to
> prepare legal papers and to represent the landlord in court. As
> detailed in the Declaration of David Lyle Stern, Esq., Defendant
> does not involve itself in any debt collection aspects of the
> litigation and is not in the practice of either signing rent demands
> or communicating with litigants with respect to their debts outside
> of court.

Id.

Relying on Defendant's version of events, Defendant's Memo principally argues that

Plaintiff's complaint "fails to state a claim for a violation of the FDCPA or any other federal

statute as it is predicated upon a writing which cannot be characterized as an 'initial

communication' from a 'debt collector' as defined by 15 U.S.C. § 1692 . . . ." Defendant's

Memo at 4.  First, referring to e-mails between Plaintiff and one David Sputz – purportedly, "the

landlord's property manager," id., at 6 – which are contained in Exhibit D to the Declaration of

David Lyle Stern, Defendant asserts that "the Rent Demand is by no means an 'initial

communication . . . .'" Id. at 6.  Second, implicitly crediting Mr. Stern's claim that Defendant

was not involved in preparing the Letter, Defendant argues that the Letter was "issued directly"

by a "creditor," not a "debt collector," and that "[t]he FDCPA does not generally apply to a

'creditor . . . .'" Id. at 6-7.

Defendant's Memo does not mention, much less distinguish, Dowling – the only case

cited in Plaintiff's complaint.  Defendant concedes that attorneys or law firms that engage in

traditional debt-collection activities by signing and sending a rent demand as landlord's counsel

---

[1] Defendant's Memo is not paginated.  Accordingly, this Court will use the numbers assigned to the pages of
Defendant's Memo by the Court's Electronic Case Filing system in citing to Defendant's Memo.

qualify as "debt collectors." Id. at 9-12. However, Defendant cites Arrey v. Beaux Arts II, LLC, 101 F. Supp. 2d 225 (S.D.N.Y. 2000), for the proposition that attorneys who merely draft such rent demands for signature by landlords are not "debt collectors." Id. at 12.

***Plaintiff's Response and Defendant's Unsolicited Reply***

Section III.A of this Court's Individual Motion Practices and Rules provides, in pertinent part, that "[a]ny party, other than a pro se litigant, must request a pre-motion conference with the Court before making . . . motion pursuant to [Rule] 12 [of the Federal Rules of Civil Procedure]." See https://www.nyed.uscourts.gov/pub/rules/SLT-MLR.pdf. Because plaintiff had not complied with this requirement, this Court construed Defendant's motion to be a pre-motion conference request and directed Plaintiff to respond "in the manner required by Section III.A." Endorsed Order dated Sept. 11, 2012 (Docket Entry No. 5). This Court's order did not direct or permit Defendant to file a reply.

In response to this Court's order, Plaintiff filed a four-page letter dated September 14, 2012 ("Plaintiff's Response"). That letter noted, inter alia, that in deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must accept the material facts alleged in the complaint as true. Plaintiff's Response at 2.[2] The letter characterized Plaintiff's complaint as alleging that Defendant, "consistent with their practice, . . . prepared, drafted and sent the rent demand letter, and after obtaining their client's signature, caused the demand letter to be served upon the Plaintiff[ ] via a process server." Id. Relying on Dowling and two other district court opinions – Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C., No. 99 CIV 3227 (JGK), 2000 WL 1448635 (S.D.N.Y. Sept. 28, 2000), and Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bellolotti, 39 F. Supp. 2d 394 (S.D.N.Y. 1999) – Plaintiff argues that other district courts have

---

[2] Like Defendant's Memo, Plaintiff's Response is not paginated. Accordingly, this Court will use the numbers assigned to the pages of Plaintiff's Response by the Court's Electronic Case Filing system in citing to Plaintiff's Response.

denied motions to dismiss in cases involving allegations similar to those in Plaintiff's complaint. Plaintiff's Response at 3-4. In addition, Plaintiff accuses Defendant of misrepresenting the holding in <u>Arrey v. Beaux Arts II, LLC</u>, <u>supra</u>, noting that <u>Arrey</u> "rejected an attempt to remove a landlord-tenant dispute into federal court" and did not adjudicate an FDCPA claim. Plaintiff's Response at 2, n. 3.

Although neither Section III.A of this Court's Individual Motion Practices and Rules nor this Court's September 11, 2012, order authorized a reply, Defendant replied to Plaintiff's Response in a six-page letter dated September 18, 2012 ("Defendant's Reply").[3] That letter asserts, <u>inter alia</u>, that <u>Dowling</u> was wrongly decided because that court "incorrectly applied a subjective standard . . . rather than the 'least sophisticated consumer' standard," and attempts to distinguish <u>Dowling</u> and the other cases cited in Plaintiff's Response. <u>Id.</u> at 2-3.[4] In addition, Defendant cites to four district court opinions from other circuits – <u>Aquino v. Credit Control Servs.</u>, 4 F. Supp. 2d 927 (N.D. Cal. 1998); <u>Laubach v. Arrow Serv. Bureau, Inc.</u>, 987 F. Supp. 625 (N.D. Ill. 1997); <u>Trull v. Lason Sys., Inc.</u>, 982 F. Supp. 600 (N.D. Ill. 1997), and <u>Powell v. Computer Credit, Inc.</u>, 975 F. Supp. 1034 (S.D. Ohio) – for the proposition that "Courts have repeatedly and consistently held that the mere act of printing and disseminating communications in the creditor's or another's name does not implicate the FDCPA." Defendant's Reply at 3.

### DISCUSSION

In considering a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must accept all factual allegations in the complaint as true, and draw all

---

[3] Although Defendant's submission is seven pages long, the fourth page only contains text which appears elsewhere in the submission.

[4] Defendant's Reply, like Defendant's Memo, is not paginated. Accordingly, this Court will use the numbers assigned to the pages of Defendant's Reply by the Court's Electronic Case Filing system in citing to Defendant's Reply.

reasonable inferences in the plaintiff's favor.  See, e.g., Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To survive a motion to dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "The appropriate inquiry is not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims."  Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005).

Because "a Rule 12(b)(6) motion challenges the facts alleged on the face of the complaint . . . or, more accurately, the sufficiency of the statements in the complaint," see Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir.1991) (internal citation omitted), materials outside the four corners of the complaint are "generally not considered on a motion to dismiss unless the court treats it as one for summary judgment, giving all the parties a reasonable opportunity to present relevant evidence under Rule 56."  Nicholls v. Brookdale Univ. Hosp. Med. Ctr., No. 03-CV-6233 (JBW), 2004 WL 1533831, at *2 (E.D.N.Y. July 9, 2004). However, a court can consider "documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit."  Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir.1993) (citing Cortec Indus., Inc., 949 F.2d at 47–48).

Although Defendant's proposed motion purports to be a motion to dismiss pursuant to

Rule 12(b)(6), it is actually in the nature of a motion for summary judgment.  Defendant's

proposed motion does not assume the truth of the facts alleged by Plaintiff.  Plaintiff's complaint

alleges that the Letter was "drafted, communicated, authorized, composed, and/or sent, directly

or indirectly, by the Defendant," who used "the name of 'HENIA HIRSH Landlord' at the end of

the main body of the . . . letter . . . to lead the Plaintiff to believe that the document was

communicated by Henia Hirsh Landlord, rather than by the Defendant."  Complaint, ¶¶ 15-16

(emphasis in original).  In addition, the complaint asserts that the letter was "the initial

communication from the Defendant to the Plaintiff, concerning the . . . alleged past due debt,"

and that Defendant's alleged conduct was "calculated and conducted as part and parcel of

Defendant's intentional violation of the mandatory disclosure requirements of the FDCPA and/or

as part of a scheme to avoid compliance with the federal law and/or to deprive the Plaintiff of his

FDCPA rights, and notification of said rights."  Id., ¶¶ 17-18.

Defendant's proposed motion, however, does not even discuss these allegations.  Rather,

Defendant's Memo asserts that the Letter was "issued directly" by Ms. Hirsh, a "creditor," then

argues that "[t]he FDCPA does not generally apply to a 'creditor . . . .'"  Defendant's Memo at

6-7.  Defendant's Memo also asserts that the Letter was not the "initial communication" between

Plaintiff and the landlord.

Although Defendant's arguments are substantiated with evidence, most of this evidence

cannot be considered upon a motion to dismiss.  For example, Defendant relies on the

Declaration of David Lyle Stern, Esq., to establish that "Defendant does not involve itself in any

debt collection aspects of the litigation and is not in the practice of either signing rent demands

or communicating with litigants with respect to their debts outside of court."  Defendant's Memo

at 2.  Similarly, Defendant relies on e-mails attached to the Declaration of David Lyle Stern to

establish that the Letter was "by no means an 'initial communication . . . .'" Id. at 6.  While this

Court could consider this evidence by converting Defendant's proposed motion into a motion for

summary judgment, see Fed. R. Civ. P. 12(d), it would be inappropriate to do so at this juncture

since it is unclear whether Plaintiff has yet had a sufficient opportunity to conduct the discovery

necessary to controvert Defendant's evidence.

In addition, Defendant's proposed motion does not discuss the relevant cases.  Plaintiff's

theory of liability principally relies on Dowling – the only case cited in the complaint.  That case

held that a law firm which prepared a rent demand for a landlord's signature could be liable

under the FDCPA if the rent demand failed to meet that statute's requirements.  Plaintiff's

complaint essentially tracks the facts of Dowling, alleging that Defendant drafted and sent the

Letter, but obtained the landlord's signature on the Letter to mislead the Plaintiff as to

Defendant's involvement.  However, Defendant's proposed motion does not even mention

Dowling, much less make any attempt to distinguish it.  Rather, Defendant's Memo incorrectly

cites Arrey v. Beaux Arts II, LLC, supra, for the proposition that attorneys who merely draft rent

demands for signature by landlords are not "debt collectors." Defendant's Memo at 12.[5]

---

[5] As Plaintiff correctly notes, Defendant misreads Arrey.  In that case, a tenant who was a respondent in a summary
eviction proceeding in the Civil Court of the City of New York attempted to remove that State action to federal
court, alleging that a rent demand drafted by the landlord's attorney, but signed only by the landlord, violated the
FDCPA.  The district court, inquiring into the basis of its jurisdiction sua sponte, remanded that action to State court.
 Noting that "the basis for federal jurisdiction must appear on the face of the complaint" and that "[t]he assertion of a
federal claim by way of defense to a state court action affords no basis for removal,"  Arrey, 101 F. Supp. 2d at 227,
the district court held that it lacked federal-question jurisdiction over the State action.  Although the district court
also observed that the alleged violations of the FDCPA did not constitute a defense to the eviction proceedings, id.,
the court never ruled on the merits of the FDCPA claims.

To be sure, Defendant discusses <u>Dowling</u> in its unauthorized reply, asserting, <u>inter alia</u>, that <u>Dowling</u> "incorrectly applied a subjective standard based upon the particular knowledge of [the plaintiffs] rather than the 'least sophisticated consumer' standard which has been applied by the Second Circuit in every other situation . . . ." Defendant's Reply at 2-3. However, that argument was not raised in Defendant's proposed motion and Plaintiff has not had any opportunity to respond to it. Accordingly, this Court will not address it at this juncture. Nonetheless, this Court notes that, in determining that lawyers who send rent-demand notices are "debt collectors" for purposes of the FDCPA, the Second Circuit did not even mention the least sophisticated consumer standard, focusing instead on the issue of whether the lawyers' "involvement extended beyond mere service of notice." <u>See</u> <u>Romea v. Heiberger & Assocs.</u>, 163 F.3d 111, 117-18 (2d Cir. 1998).

Defendant's Reply also makes an attempt to distinguish <u>Dowling</u>, as well as two other cases cited in Plaintiff's Response: <u>Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.</u>, <u>supra</u>, and <u>Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bellolotti</u>, <u>supra</u>. However, Defendant's arguments depend largely on a close analysis of the facts in those cases and a comparison of the facts in this case. For example, Defendant asserts that the rent demand in <u>Dowling</u> "contained the law firm's file number" and that the district court "took into account the facts that the file number related to the attorney's file and . . . the tenant's prior familiarity with the attorneys;" that the notices at issue in <u>Sibersky</u> "contained the Defendant's internal file numbers and law office abbreviations and were not properly signed by the landlord;" and that "the landlord's agent signed the notice" in <u>Goldstein</u>, which notice (1) "was on the letter head [*sic*] of a third party management company who was a stranger to the tenant" and (2) was

"contained in the envelope of another third party law firm who had also put their address on the certified mailing receipt." Defendant's Reply at 2-3 (bracketed material added). Defendant then attempts to contrast these facts with the facts in this case. While this sort of fact-specific comparison may be appropriate on a motion for summary judgment, it is not appropriate upon a motion to dismiss.

For much the same reason, Defendant's attempts to analogize this case to Aquino, Laubach, Trull, and Powell are unavailing. As Defendant correctly notes, these cases hold that "that the mere act of printing and disseminating communications in the creditor's or another's name does not implicate the FDCPA." Defendant's Reply at 3; see Aquino v. Credit Control Servs., supra (Western Union Communications not liable under the FDCPA for transmitting a collection letter); Laubach v. Arrow Serv. Bureau, Inc., supra (company which merged labels, printed, and mailed a collection agency's letters, but did not compose their text, not liable under the FDCPA); Trull v. Lason Sys., Inc., supra (a printing and mailing service that a debt collection agency used to mail collection letter to debtor was not a "debt collector" within meaning of the FDCPA); Powell v. Computer Credit, Inc., supra (a "ComputerGram," sent by the defendant on behalf of a creditor-hospital to a debtor, was not a communication from debt collector and not subject to the FDCPA). However, Plaintiff's complaint alleges that Defendant did more than merely print or disseminate communications, and this Court cannot consider any evidence to the contrary at this juncture.

### CONCLUSION

For the reasons set forth above, this Court concludes that Defendant's proposed motion is in the nature of motion for summary judgment rather than a motion to dismiss. Since there is

11

nothing in the docket sheet to indicate that discovery has concluded, a motion for summary judgment would be premature. Accordingly, this Court denies Defendant permission to file the proposed motion at this time. Nothing herein shall preclude Defendant from seeking permission, following the close of discovery, to move for summary judgment on the issues raised in his proposed motion.

**SO ORDERED**.

/s/

SANDRA L. TOWNES
United States District Judge

Dated: September 30, 2013
      Brooklyn, New York